213 So.2d 411

Ellison **CHAVERS**

v.

**STATE.**

4 Div. 680.

Court of Appeals of Alabama.

July 11, 1968.

J. Fletcher Jones, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

The appellant is in the custody of the Sheriff of Covington County. He has appealed from a judgment remanding him, after a habeas corpus hearing.

The sheriff's return to the writ is not complete. However, the appellant's proof has supplied certain deficiencies which the State has not contested.

In the state of this record, we find it necessary to reverse the habeas corpus judgment and render one here discharging the defendant.

I.

Originally there were three judgments of September 28, 1959, on pleas of guilty to separate charges of "fraudulent check." The then extant statute was constitutional under Bailey v. State of Alabama, 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191. See Goolsby v. State, 213 Ala. 351, 104 So. 901. To these charges appellant pled guilty and was fined.

Later, in November, 1961, the trial judge purported to amend the circuit clerk's bench notes to prescribe additional punishment by way of hard labor.

Then, in 1968, on the basis of the nunc pro tunc amendment of the bench notes, the trial judge purported to amend the court's formal minute entries of the judgments.

## II.

When a defendant is only punished by a fine, the court can then and there require the sheriff to exact the mulct from the defendant; but, if the defendant does not confess judgment and is allowed to depart from the custody of the law, the fine becomes a mere civil judgment.

Thus, the amendment of the bench notes could not, even within the ambit of the amendatory provisions of Code 1940, T. 7, §§ 566 and 567, come within the scope of clerical error. Rather, in effect, it was a belated effort to correct "judicial error."

In counties where the trial judge resides, the time for correction of judicial error in Alabama is for thirty days only, as provided in Code 1940, T. 13, § 119. After that time, the judicial act, even though erroneous, if within the jurisdiction of the court, and not the product of a fraud, cannot be changed.

Hence, the court had no power in 1961 to change the bench notes. Axiomatically there could be no amendment of the minute entry in 1968.

We see no relevance to the fact that sometime after the judgments in 1959 the appellant went to California. When he left the judgments against him were only for money. There is nothing to show service of a ne exeat on him. His present incarceration is prohibited by § 20, Alabama Constitution 1901, forbidding imprisonment for debt.

Also, we note that in the original judgment, the defendant is not shown to have been attended by counsel. In the case of Irvin v. State, 44 Ala.App. 101, 203 So.2d 283, we have decided that in misdemeanors of this kind the strictures of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, are applicable.

Accordingly, the judgment below is reversed and one is rendered here discharging the defendant from the custody of the sheriff.

Reversed and rendered.

JOHNSON, J., not sitting.